UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYQUAN FOSTER,<br><br>            Plaintiff,<br><br>   v.<br><br>T. CAMPBELL,<br><br>            Defendant. | 1:23-cv-01779-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 14)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Tyquan Foster is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 18, 2023. (ECF No. 1). Plaintiff alleged in his original complaint that while incarcerated at Corcoran State Prison (CSP), prison officials agreed to replace property that was stolen, but they have not yet done so. The Court screened the complaint on May 1, 2024, finding that Plaintiff did not state any cognizable claims, providing relevant legal standards, and giving Plaintiff leave to amend. (ECF No. 12). Plaintiff then filed a First Amended Complaint (FAC) on June 3, 2024. (ECF No. 14). Plaintiff appears to claim that certain officers retaliated against him by filing a false rules violation report and that his due process rights were violated. For the reasons discussed below the Court recommends that this action be dismissed.

1

## I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 10), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLAINTIFF'S INITIAL COMPLAINT AND SCREENING ORDER

Plaintiff initiated this action by filing a complaint on December 18, 2023. (ECF No. 1). In that initial complaint, Plaintiff stated that the violation of his rights occurred at Corcoran State Prison (CSP), but named a dining worker at Kern Valley State Prison (KVSP) as a sole defendant.[1] (ECF No. 1 at 1, 2). Plaintiff alleged one claim, which he labeled as a "double jeperdy [sic], pain and suffering, false paper work, cruel and unusual punishment" claim. (*Id.* at 3). In support of that claim, Plaintiff alleged as follows:

> 10/19/23 602 Log #451295 was granted for my lost canteen that the floor officer let get stolen but I still haven't got payed and at this time jail officers that's stated in that 602 log number are in trouble.
>
> 10/6/23 602 Log # 416596 was granted to replace my lost and broken property that officer Garcia messed up and I still haven't gotin anything replaced.
>
> 10/28/23 Log #419739 was granted after being looked over by reviewing authority H. Moseley that works for Office of Appeals where I proved Lt.

---

[1] While in the "Defendants" section of the complaint Plaintiff named as a sole defendant "Tyquan Foster," a dining worker at KVSP, Tyquan Foster is Plaintiff's name. (ECF No. 1 at 2). In the caption of the complaint, Plaintiff named "T. Campbell" as a defendant. (ECF No. 1 at 1). In FAC, Plaintiff names "T. Campbell" as a sole defendant, but identifies that defendant as the Warden of CSP, not a dining worker. (ECF No. 14 at 3).

2

> Aranda Sgt. Garza Sgt. J. Cabrera Lt. R. Roque, Pederson, Barrajas, Mackland, Mova, R.Vargas, and all of 2nd shift in ASU retaliated on me after getting falsely charged with lots of charges. I am also on a 180 yard at this time because of a lie and a false charge time was also givin to me for nothing.

(ECF No. 1 at 3).

The Court screened the complaint on May 1, 2024. (ECF No. 12). The Court reviewed relevant legal standards under the Due Process clause for deprivation of property and explained that Plaintiff's allegation of lost property failed to state a cognizable claim, as follows:

> Plaintiff's complaint does not state a constitutional claim based on the standards above. Although there are very few facts in the complaint, it appears that one officer allowed some property to get stolen, and another officer "messed up" other property. (ECF No. 1 at 3). These allegations appear to claim that officers acted negligently in a way that caused Plaintiff's property to be lost, broken, or stolen. Plaintiff does not allege facts showing that officers acted intentionally to cause Plaintiff to lose his property. These allegations thus do not state a constitutional claim.
>
> Even if Plaintiff is alleging that officers intentionally caused him to lose property, that would also not state a constitutional claim because Plaintiff has a post-deprivation remedy for the property under California law. Plaintiff does not claim that his property was lost because of an established state procedure.
>
> Finally, Plaintiff's allegations that the prison agreed to give him property during the grievance process but failed to do so (ECF No. 1 at 3), do not state a constitutional claim. Violations of prisons internal rules do not state a violation of the constitution.

(ECF No. 12 at 5).

The Court then addressed Plaintiff's other potential claims, including the claim that he was falsely charged and certain staff members retaliated against him. The Court explained the requirement of providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), and explained that "Plaintiff's complaint does not contain enough facts to satisfy this requirement. Plaintiff does not provide any details or factual allegations supporting these claims. Plaintiff's conclusory statements alone are not sufficient to state a cognizable claim." (ECF No. 12 at 5–6). The Court then provided relevant legal

standards including procedural due process for disciplinary proceedings and retaliation, and gave Plaintiff leave to amend his complaint. (*Id.* at 6–8).

### III.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

In his FAC, Plaintiff names T. Campbell, Warden at CSP, as the sole Defendant (ECF No. 14 at 3), and alleges as follows:

> 10/23/23 Log # 419739 was granted after being looked over by reviewing authority H. Mosely that works for Office of Appeals where I proved Lt. Aranda Sgt. Garza Sgt. J. Cabrera Lt. R. Roque, Pederson, Barrajas, Mackland, Mova, R. Vargas, and all of 2nd shift in ASU retaliated on me after getting falsely charged with first battery on peace officer then a false 115 I was givin by Pederson that Lt. R. Roque and Sgt J. Cabrera staged In my C-file with no AVSS to back the Pederson complaint. I am not on a 180 yard because of those lies with extra time on my record for nothing.
>
> . . .
>
> for a peace officer who Is givin that job to do what was did to me that was cruel because they thought It would go unnoticed but the OOA hade to step In, for long as this lie went on when It should have been corrected In the first place because I did nothing In all cases and I was done bad for sure that's retaliation It shouldn't got that far I was truthful In all areas plus AVSS can back all my claim's
>
> . . .
>
> Due to me getting a 115 In the first place I have all right's to be givin fair due process the fact that all right In this case was violated some thing should be done to fix this matter I am human just like every one else

(ECF No. 14 at 1, 4–5).

### IV.    ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

#### A.    Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

4

>liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between the supervisory defendant and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676–77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either: were personally involved in the alleged deprivation of constitutional rights, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted).

For instance, a supervisor may be liable for his or her "own culpable action or inaction in the training, supervision, or control of his [or her] subordinates," "his [or her] acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and brackets omitted).

### B.   Federal Rule of Civil Procedure 8(a)

As set forth above and as the Court advised Plaintiff in the initial screening order (ECF No. 12 at 5–6), Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. And Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Id.* at 676–77.

The Court once again finds that Plaintiff fails to comply with Rule 8(a). In its previous screening order, the Court found as follows:

>Plaintiff's complaint also very briefly states that he was "falsely charged with a lot of charges," and that certain staff members retaliated against him. (ECF No. 1 at 3). . . . Plaintiff's complaint does not contain enough facts to satisfy [Rule 8(a)(2)] requirement. Plaintiff does not provide any details or factual allegations supporting these claims. Plaintiff's conclusory statements alone are not sufficient to state a cognizable claim.

(ECF No. 12 at 5–6).

Plaintiff's allegations regarding retaliation in the First Amended Complaint are virtually identical to the conclusory allegations in his original complaint. While Plaintiff adds another paragraph under the description of what he labels a retaliation claim, it amounts to a statement that he was falsely accused and that he was being truthful. (ECF No. 14 at 1, 4–5) ("It should have been corrected In the first place because I did nothing In all cases and I was done bad for sure that's retaliation It shouldn't got that far I was truthful.").

As the Court informed Plaintiff in its initial screening order (ECF No. 12 at 7), there are five basic elements to a First Amendment retaliation claim: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted).

Plaintiff's allegations in his First Amended Complaint are insufficient to show that prison officials retaliated against him. While Plaintiff alleges that he was falsely charged, he failed to allege that this action was taken because he engaged in some protected conduct. Plaintiff failed to identify anything he did that might qualify as protected conduct. Plaintiff also failed to allege that the action chilled the exercise of his First Amendment rights.

In addition, the Court previously informed Plaintiff that he "must demonstrate that each named defendant personally participated in the deprivation of his rights." (ECF No. 12 at 4). However, Plaintiff once again does not provide any allegations regarding how the named defendant, CSP Warden Campbell, violated his constitutional rights. Plaintiff does not allege that the Warden was personally involved in the alleged deprivation, knew of the violations and failed to act to prevent them, or promulgated or implemented "a policy so deficient that the

7

policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted). Therefore, Plaintiff failed to establish a connection or link between the actions of any defendant and the alleged deprivation of his constitutional rights. *Monell*, 436 U.S. at 691.

Likewise, Plaintiff's allegation that his due process rights were violated (ECF No. 14 at 5) is merely conclusory; he does not provide any facts to support this claim. As with his retaliation claim, Plaintiff does not describe what any defendant did or failed to do and how it violated his constitutional rights. He does not link the sole named defendant to the alleged deprivation of his constitutional rights.

Plaintiff's lack of detail is especially concerning because the Court found in its initial screening order that, to the extent it could understand Plaintiff's claims based on officers losing or damaging his property, those allegations failed to state a claim under relevant law. Plaintiff's First Amended Complaint contains even fewer details, but to the extent it is based on similar allegations from the first complaint, it would not state a constitutional claim.

Accordingly, the Court finds that Plaintiff's complaint once again fails to comply with Rule 8(a) and fails to state any cognizable claims. Plaintiff's complaint is subject to dismissal on this basis. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning, where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").

## V.   CONCLUSION AND ORDER

The Court recommends that this action be dismissed, without granting Plaintiff further leave to amend. In the Court's prior screening order, the Court identified the deficiencies in Plaintiff's complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint. Plaintiff filed his First Amended Complaint with the benefit of the Court's screening order, but failed to cure the deficiencies identified by the Court. Thus, it appears that further leave to amend would be futile.

Accordingly, **IT IS ORDERED** that the Clerk of Court shall assign a District Judge to this case.

Additionally, **IT IS RECOMMENDED** as follows:

1. This action be dismissed with prejudice for failure to state any cognizable claims.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 27, 2024**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE

9